UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION NO. 6:16cv677-ORL-37-RBD-GJK

LIGHTING SCIENCE GROUP
CORPORATION,

    Plaintiff,

v.

SUNCO LIGHTING, INC.,

    Defendant.

### DEFENDANT, SUNCO LIGHTING, INC.'S, REPLY MEMORANDUM IN SUPPORT OF IT'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE OR IN THE ALTERNATIVE FOR A CHANGE OF VENUE

In accordance with the Order of the Court issued July 15, 2016, Sunco Lighting, Inc. (hereinafter referred to as "Sunco") files this Reply to the Plaintiff's Opposition to Sunco's Motion to Dismiss and the supporting Supplemental Declaration of Sorush Tahour, President of Sunco.

**I. THE OPPOSITION RELIES PROMINENTLY ON CLAIMS THE ACCUSED PRODUCTS ARE SOLD BY SUNCO ON A WEBSITE OF SEARS AND ARE SOLD IN SEARS RETAIL OUTLETS IN THE MIDDLE DISTRICT OF FLORIDA.**

    A.    **Declaration of Philip J. Ragona**. In arguing that personal jurisdiction is properly exercised over Sunco, plaintiff relies on the Declaration of Mr. Ragona for the new claims that Sunco has sold the accused products in Florida through Sears nationwide distribution channels, and that the accused products are sold in at least 12 Sears store locations in the Middle District of Florida. *Plaintiff's Response in Opposition,* p.9, lines 6-19. In Paragraph 4 of the Ragona Declaration, he states: "I have found evidence that Sunco also sells the infringing

productions through the nationwide retailer Sears." The only evidence to purportedly support Mr. Ragona's statement is Exhibit 2. Exhibit 2 to Mr. Ragona's Declaration is a screenshot of a page from the Sears website [*Ragona Declaration*, ¶2]. However, Exhibit 2 to Mr. Ragona's Declaration does not state the products displayed are sold by Sunco. To the contrary, the exhibit states the product is "sold by ErgodE," not Sunco. In Paragraph 6 of Mr. Ragona's Declaration, he states the accused products are sold in Sears store locations within the Middle District of Florida that are shown in Exhibit 4 to his Declaration.

      **B.**    <u>**The New Claims Asserted by Plaintiff are Blatantly False**</u>. The "evidence" identified in the Ragona Declaration constitutes Exhibit 2 which is an excerpt from the Sears website. Exhibit 2 to the Ragona Declaration states that the accused products sold on the Sears website are sold by an entity identified as "ErgodE." Sunco does not now nor has it ever used the name ErgodE to identify itself or any division of Sunco for any purpose whatsoever. Sunco has absolutely no knowledge that any California wholesaler to whom the accused products were sold has ever used the name "ErgodE" or resold Sunco products to Sears. *Tahour Declaration*, ¶3.

      What is more troubling is the false claim that Sunco's products are being sold at Sears retail outlets located in the State of Florida in general and in the Middle District of Florida in particular. Paragraph 6 of the Ragona Declaration states the accused products are sold in at least 12 Sears store locations within the Middle District of Florida (*Ragona Declaration*, ¶6). The statement of Mr. Ragona is explicitly relied upon in the plaintiff's Opposition to Sunco's Motion. *Opposition*, p.9, ln.6-19. Mr. Ragona omits any reference that either he or anyone else has any personal knowledge that the accused products are sold in the Sears retail outlets. Exhibit 4 to the Ragona Declaration does nothing more than show the location of Sears retail outlets in the Middle District of Florida.

      Exhibits 2 and 4 to the Ragona Declaration are selected excerpts from the Sears website. Contrary to Mr. Ragona's testimony, other pages of the Sears website prominently state

that the accused products are not available at Sears stores. *Tahour Declaration*, ¶4; Exhibit 2. This excerpt from the Sears website (Exhibit 2 to the Tahour Declaration) was not disclosed to the Court by plaintiff. It is therefore submitted the falsity of the new claim that the accused products are sold at Sears retail outlets in the Middle District of Florida is fully established by an excerpt from the Sears website that was either intentionally omitted or negligently ignored by plaintiff.

II.  **PARAGRAPHS 4 AND 6 OF THE RAGONA DECLARATION AND THE EXCERPT FROM THE SEARS WEBSITE IDENTIFIED AS EXHIBIT 2 TO THE RAGONA DECLARATION SHOULD BE EXCLUDED AS HEARSAY**

A.   **Legal Standard**. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted..." Fed.R.Evid. 801(c). Exhibit 2 to the Ragona Declaration is an excerpt from the Sears website illustrating an accused product. The testimony of the declarant Philip Ragona in Paragraphs 4 and 6 of his Declaration and Exhibits 2 and 4 thereto are relied on in the opposition to support the new claims that Sunco sells the accused products both on Sears' nationwide website and in physical Sears store locations in the Middle District of Florida.

Every extrajudicial statement drawn from a website must satisfy a hearsay exception or exemption if the statement is offered for its truth. Where a website posting is not a statement made by a declarant testifying at trial and is being offered to prove the truth of the matter asserted, that is hearsay. *United States v. Jackson*, 208 F.3d 633, 637 (7th Cir., 2000), *cert. den.* 531 U.S. 937 (2000). The Eleventh Circuit has held that newspaper articles are inadmissible hearsay when "relevant primarily to establish the truth of their contents." *United States v. Baker*, 432 F.3d 1189, 1211-12 (11th Cir., 2005). In Paragraph 4 of the Declaration Mr. Ragona states he found "evidence" that Sunco sells the accused products on the Sears website. In Paragraph 6 of his Declaration, he states Sunco products are sold at Sears retail stores. This testimony is being offered for the truth of the matters asserted. Since there is no exception to the

hearsay rule that would be applicable, Exhibit 2 to the Ragona Declaration and Paragraphs 4 and 6 of the Declaration should be excluded from consideration as hearsay.

### III. EXHIBIT 2 TO THE DECLARATION OF PHILIP RAGONA SHOULD BE EXCLUDED ON THE BASIS OF LACK OF AUTHENTICATION.

To satisfy the requirement of authentication of an item of evidence, the proponent must produce evidence sufficient to support a finding that the item what the proponent claims it to be. *Fed.R.Evid.* 901(a). Authentication and the admission of evidence of web pages and screen shots are subject to the standard of Fed.R.Evid. 901(b)(1) which provides for evidence that satisfies the requirement as testimony of a witness with knowledge. In the Eleventh Circuit, it has been held that printouts from a website can be authenticated by a statement or affidavit from an internet archive representative with personal knowledge of the contents of the website. *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 2006 W.L. 1320242, at *2 (M.D. Fla, 2006), *aff'd.* 573 F.3d 1186 (11th Cir., 2009). In the present case, the Declaration of Philip Ragona does not provide any foundational facts that he has personal knowledge regarding the contents of the Sears website. Despite the lack of any foundational facts that he has any personal knowledge regarding the site or the content shown, Mr. Ragona's Declaration unequivocally states the content of the Sears website constitutes evidence showing that Sunco sells the accused products on the Sears website. Since the Declaration provides no basis or foundation which would establish that Mr. Ragona has personal knowledge of the contents of the Sears website, it is submitted Exhibit 2 to the Declaration of Mr. Ragona has not been sufficiently authenticated and should be excluded from the body of evidence to be considered with respect to Sunco's Motion to Dismiss the Complaint or Change Venue.

### IV. CONCLUSION.

It is submitted the testimony of Philip Ragona set forth in Paragraphs 4 and 6 of his Declaration constitutes hearsay and should be excluded from consideration. It is also submitted Exhibit 2 to the Ragona Declaration should be excluded on the basis of lack of authentication

and on the basis it is hearsay and there is no exception to the hearsay rule that would allow it to be considered. All sales of the accused products made to residents of the State of Florida were made by Amazon.com who took all orders and received all payments and, with the exception of instances when it lacked inventory, packed and shipped all goods directly to the Florida residents. It is submitted this relationship is fully within the scope of the decision of the United States Supreme Court in *J. McIntyre Machinery, Ltd. v. Nicastro* in that Sunco's sales were made through an entity that controlled all sales of the accused products and payments for those products. It is therefore submitted Sunco's Motion to Dismiss should be granted or, in the alternative, venue in this case should be transferred to the United States District Court for the Central District of California.

Respectfully submitted,

/Michael A. Painter/
ISAACMAN, KAUFMAN & PAINTER
Michael A. Painter
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Tel: (310) 881-6800
Fax: (310) 881-6801
painter@ikplaw.com

MARK STEIN LAW
Mark E. Stein
Florida Bar No. 81866
2999 N.E. 191st Street, Suite 330
Aventura, Florida 33180
Tel: (305) 356-7550
Fax: (786) 664-6787
mark@markstein.com

Dated: July 21, 2016

Attorneys for Defendant,
SUNCO LIGHTING, INC.

MAP-SUNCO-2441

## CERTIFICATE OF SERVICE

  I hereby certify that on the 21st day of July, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to counsel for plaintiff.

            /Michael A. Painter/
            ISAACMAN, KAUFMAN & PAINTER
            Michael A. Painter
            1888 Century Park East, Suite 1500
            Los Angeles, California 90067
            Tel: (310) 881-6800
            Fax: (310) 881-6801
            painter@ikplaw.com