**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LIGHTING SCIENCE GROUP
CORPORATION,

       Plaintiff,

v.                                     Case No. 6:16-cv-677-Orl-37GJK

SUNCO LIGHTING, INC.,

       Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant Sunco Lighting, Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction and for Improper Venue or in the Alternative, for a Change of Venue (Doc. 26), filed June 23, 2016;

2. Plaintiff's Response in Opposition to Defendant Sunco Lighting, Inc's Motion to Dismiss or Change Venue or [sic] and Incorporated Memorandum of Law (Doc. 27), filed July 11, 2016; and

3. Defendant Sunco Lighting, Inc.'s Reply Memorandum in Support of Its Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and for Improper Venue or in the Alternative for a Change of Venue (Doc. 34), filed July 21, 2016.

## BACKGROUND

This patent infringement action is one of several brought in this Court by patentee Lighting Science Group Corporation ("**Plaintiff**") concerning United States Patents numbered 8,672,518 ("'**518 Patent**") and 8,967,844 ("'**844 Patent**"), which are

both titled "Low Profile Light and Accessory Kit for the Same" ("**Light Kit Patents**"). (*See* Doc. 1.) Defendant moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) (Doc. 26), Plaintiff responded (Doc. 27), and Defendant replied (Doc. 34). Defendant's Motion is now ripe for adjudication.

## LEGAL STANDARDS

A defendant may "dispute personal jurisdiction" by filing a Rule 12(b)(2) motion arguing that a plaintiff cannot meet its ultimate burden to establish that: (1) a basis for jurisdiction exists under Florida's Long-Arm Statute, Fla. Stat. § 48.193 ("**Florida Statute**"); or (2) defendant's contacts with Florida are sufficient to satisfy the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.[1]

Initially, a plaintiff must "plead sufficient material facts to establish a basis for personal jurisdiction." *Whitney Info. Network, Inc. v. Xcentric Ventures, LLC*, 199 F. App'x 738, 741 (11th Cir. 2006). If unrefuted, the court accepts the well-pled facts as true. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). However, if the defendant submits non-conclusory declarations refuting the well-pled jurisdictional facts, then the burden "shifts back to the plaintiff to produce evidence supporting jurisdiction." *See Whitney*, 199 F. App'x at 741. If the record evidence conflicts, courts must "construe all reasonable inferences in favor of the non-movant plaintiff," and rule in its favor that jurisdiction exists if "such inferences are sufficient to defeat a motion for judgment as a matter of law." *PVC Windoors, Inc. v.*

---

[1] *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989) (holding that "the due process requirement of minimum contacts" is not "automatically" satisfied by "mere proof of any one of the several circumstances enumerated" in the Florida Statute); *see also Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("It goes without saying that, where the defendant challenges the court's exercise of personal jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present.").

*Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 809–10 (11th Cir. 2010) (noting the different standard after an evidentiary hearing where the court "determines the credibility of witness testimony, weighs the evidence, and finds the relevant jurisdictional facts").

## DISCUSSION

Plaintiff is a Florida corporation and Defendant is a California company that sells allegedly infringing products to Amazon.com for shipment throughout the United States. (*See* Doc. 3; Doc. 3-1, ¶¶ 2, 6, 7.) Indeed, Defendant admits that more than 100 of the allegedly infringing products were purchased by Florida consumers and were shipped to those consumers in Florida by Defendant or its agent. (*See id.* at ¶ 8.) Accordingly, Defendant's jurisdictional challenge is due to be rejected. Further, given the deference accorded to a Plaintiff's choice of forum—particularly when the forum is the Plaintiff's home as is the case here—the Court finds that transfer of this action to a Federal District Court in California is not warranted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Sunco Lighting, Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction and for Improper Venue or in the Alternative, for a Change of Venue (Doc. 26) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 20, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record